**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

KINSALE INSURANCE COMPANY, an Arkansas corporation,

Plaintiff,

v.

ESSENTIAL MEDICAL SUPPLY, INC., a Florida corporation, and MARY ELLEN SENCER, as Personal Representative of the Estate of Marc Henry Sencer,

Defendants.

______________________________________ /

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Kinsale Insurance Company ("Kinsale"), an Arkansas corporation, files this Complaint against Defendants, Essential Medical Supply, Inc. ("Essential"), a Florida corporation, and Mary Ellen Sencer ("Sencer"), as Personal Representative of the Estate of Marc Henry Sencer (the "decedent"), and alleges:

**I. Nature of the Action.**

1. This insurance coverage declaratory action arises out of the claim that Kinsale owes Essential a defense and indemnification in connection with an underlying action, styled, *Mary Ellen Sencer, as Personal Representative of the Estate of Marc Henry Sencer v. Essential Medical Supply Inc.*, Palm Beach County Circuit Court Case No. 50-2026-CA-004817-XXXA-MB (the "Underlying Lawsuit").

2. Essential seeks coverage in the Underlying Lawsuit under Life Sciences General Liability Coverage - Claims Made Policy No. 0100336379-0 (the "Policy"), which Kinsale issued to Essential as the named insured with policy period November 23, 2024 to November 23, 2025.

A copy of the Policy is attached as **Exhibit A**.

3. Kinsale seeks a judicial determination under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, that it has no duty to defend or indemnify Essential in the Underlying Lawsuit under the Policy.

4. Kinsale joins Sencer as a party to this action because of her role as the plaintiff in the Underlying Lawsuit, and in the event she is seeking coverage under the Policy.

5. An actual and justiciable controversy exists among the parties as to which a declaratory judgment setting forth their respective rights and obligations under the Policy is necessary and appropriate.

**II. <u>The Parties</u>.**

6. Plaintiff, Kinsale Insurance Company is a corporation formed and existing under the law of the State of Arkansas, with its principal place of business in Virginia. Kinsale is a surplus lines insurer eligible to provide insurance within the State of Florida. For the purposes of diversity, Kinsale is a citizen of Arkansas and Virginia.

7. Essential is a Florida corporation with its principal place of business in Orlando, Orange County, Florida. Essential is a citizen of Florida for the purposes of diversity jurisdiction.

8. Sencer is a resident and citizen of Palm Beach County, Florida, and she is named in this action as the Personal Representative of the Estate of Marc Henry Sencer, as the Plaintiff in the Underlying Lawsuit. Sencer is a citizen of Florida for the purposes of diversity jurisdiction.

**III. <u>Jurisdiction and Venue</u>.**

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. This Court has personal jurisdiction over Essential because it is a citizen and resident of the State of Florida with its principal place of business in Orlando, Florida, and the Underlying Lawsuit against Essential is pending in the Circuit Court of Palm Beach County, Florida.

11. This Court has personal jurisdiction over Sencer because she is a citizen and resident of Palm Beach County in the State of Florida, she filed the pending Underlying Lawsuit against Essential in the Circuit Court of Palm Beach County, Florida, and she was appointed as the Personal Representative of the Estate of Marc Henry Sencer in a probate estate case pending in Palm Beach County, Florida.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c), in the United States District Court for the Southern District of Florida, in Palm Beach County, Florida, in that a substantial part of the events or omissions giving rise to the claim occurred in Palm Beach County, Florida, the Underlying Lawsuit is pending in Palm Beach County, Florida, Essential transacts business in Palm Beach County, Florida, Sencer was appointed as the Personal Representative of the Estate of Marc Henry Sencer in a probate estate case pending in Palm Beach County, Florida, and Sencer resides in Palm Beach County, Florida.

13. All conditions precedent to the filing of this action occurred, have been performed, have been excused, have been satisfied, have been waived, or would be futile.

## IV. <u>The Underlying Lawsuit</u>.

**14.** On April 29, 2026, in the Underlying Lawsuit, Sencer filed her Plaintiff's Original Complaint - Wrongful Death/Product Liability (the "Complaint" and "Comp.") with causes of

action against Essential for Strict Liability (Count I) and Negligence (Count II). A copy of the Complaint in the Underlying Lawsuit is attached as **Exhibit B**.

**15.** The Complaint alleges:

> 16. Prior to 2019, there have been multiple recalls of this product and similar products by the U.S. Consumer Product Safety Commission due to entrapment and asphyxia hazards, including reported deaths. A copy of an article by the U.S. Consumer Product Safety Commission regarding Essential Medical Supply reannouncement of recall of adult portable bed rails is attached hereto as "Exhibit 2."
>
> 17. Additionally, in December 2012 an 86-year-old man, at his California home, became entrapped within the bed rail, or between the rail and side of the mattress, and died due to asphyxiation. This incident prompted a 2021 recall of approximately 272,000 units, as users can become trapped between the rail and the mattress. *See* Exhibit 2.
>
> 18. Prior to 2019, Defendant was aware of safety concerns regarding the design of the "Endurance Bed Rail" (hereinafter "subject bed rail"), including entrapment hazards and risk of death by asphyxiation.
>
> 19. Prior to 2019, Defendant was aware of other companies initiating recalls of hand bed rails and adult portable bed rails due to design concerns, including entrapment hazards and risk of death by asphyxiation.
>
> 20. Prior to 2019, Defendant was aware of injuries and death as a result of entrapment and asphyxiation associated with adult portable bed rails in the United States. A copy of The Consumer Product Safety Act §1270 is attached as "Exhibit 3."
>
> 21. In or around the year of 2019, the bed rail purchased by MARY SENCER, for her late husband, MARC SENCER, was designed, manufactured, imported, marketed, distributed, promoted, and sold by the Defendant, ESSENTIAL MEDICAL, in Palm Beach County.

> 22. The Endurance Bed Rail is the specific adult portable bed rail MARY SENCER purchased.
>
> 23. On March 11, 2025, decedent, MARC SENCER, died due to asphyxiation as a result of getting trapped in the subject bed rail placed in the market by ESSENTIAL MEDICAL.

*See* Ex. B, ¶¶ 16-23.

16. The Complaint alleges that the "subject bed rail" at issue in the Underlying Lawsuit is the "Endurance Bed Rail":

> 18. Prior to 2019, Defendant was aware of safety concerns regarding the design of the "Endurance Bed Rail" (hereinafter "subject bed rail"), including entrapment hazards and risk of death by asphyxiation.
>
> 22. The Endurance Bed Rail is the specific adult portable bed rail MARY SENCER purchased.
>
> 23. On March 11, 2025, decedent, MARC SENCER, died due to asphyxiation as a result of getting trapped in the subject bed rail placed in the market by ESSENTIAL MEDICAL.

*See* Ex. B, ¶¶ 18, 22-23.

17. Attached to the Complaint as Exhibit 1 are Letters of Administration appointing Sencer as the Personal Representative of the decedent's estate in the probate estate case styled, *In Re: The Estate of Marc Henry Sencer*, Palm Beach County Circuit Court Case No. 50-2026-CP-001325-XXXA-MB. *See* Ex. B, Ex. 1.

18. Attached to the Complaint as Exhibit 2 is a U.S. Consumer Product Safety Commission (the "CPSC") article describing Recalls of Essential's Endurance Bed Rail on December 22, 2021 and reannounced on April 4, 2024 (Recall No. 24-179) due to entrapment and asphyxia hazards and additional deaths. *See* Ex. B, ¶ 16, and Ex. 2.

19. The CPSC article attached to the Complaint details the recall of Essential's Endurance Bed Rail including:

An official website of the United States government Here's how you know

United States
CONSUMER PRODUCT SAFETY COMMISSION

# Essential Medical Supply Reannounces Recall of Adult Portable Bed Rails Due to Entrapment and Asphyxia Hazards; Two Additional Deaths Reported After 2021 Recall

**Name of Product:**

Endurance® Hand Bed Rails

**Hazard:**

When attached to an adult's bed, users can become entrapped within the bed rail or between the rail and the side of the mattress. This poses a serious entrapment hazard and risk of death by asphyxiation.

## Recall Details

**Description:**

**Washington, D.C.** – The U.S. Consumer Product Safety Commission (CPSC) and Essential Medical Supply Inc., of Orlando, Florida, are reannouncing the recall of four models of the company's Endurance Hand Bed Rails. This recall involves the Hand Bed Rail (model P1410), Hand Bed Rail with Pouch (model P1410-P), Hand Bed Rail with Floor Support (model P1411), and Hand Bed Rail with Floor Support with Pouch (model P1411-P). They were originally recalled in December 2021.

Since that recall was announced, two additional entrapment deaths have been reported. In December 2022, an 86-year-old man died at an assisted living facility in Connecticut, and in August 2023, a 99-year-old man died at his home in California.

CPSC previously announced the recall on December 22, 2021, following the entrapment death of an 86-year-old man in California. He died at his home in December 2012, reportedly from the Endurance Hand Bed Rail (model P1410).

When attached to an adult's bed, users can become entrapped within the bed rail or between the rail and the side of the mattress. This poses a serious entrapment hazard and risk of death by asphyxiation.

CPSC and Essential Medical Supply Inc. urge consumers to stop using the recalled bed rails immediately and to check their homes and the homes and assisted living facilities of loved ones for the recalled bed rails.

Essential Medical Supply Inc. sold about 272,000 units of the bed rails at medical supply stores nationwide and online at www.amazon.com and www.walmart.com. The bed rails were sold from October 2006 through December 2021 for between $36 and $98.

The name "Essential Medical Supply, Inc." and the model number are printed on a label located on the grip handle of the bed rails. The rails are made of either chrome or white metal tubing and include black padding on the grip handle and under-bed frame. They measure approximately 17 inches to 21 inches high by 20 inches wide.

Only bed rails that do not have model numbers ending in "R" are included in this recall.

Consumers should immediately stop using the recalled bed rails, disassemble and dispose of them to prevent reuse. Essential Medical Supply has ceased operations and is no longer offering a remedy to consumers.

CPSC urges consumers to report any related incidents to the agency at www.SaferProducts.gov.

**Remedy:**

CPSC urges consumers to dispose of the recalled bed rails and NOT resell or donate them. It is a violation of federal law to sell or distribute recalled products. The firm is no longer in business, so there is no remedy for consumers.

**Incidents/Injuries:**

CPSC previously announced the recall on December 22, 2021, following the entrapment death of an 86-year-old man in California. He died at his home in December 2012, reportedly from the Endurance Hand Bed Rail (model P1410). Since that recall was announced, two additional entrapment deaths have been reported. In December 2022, an 86-year-old man died at an assisted living facility in Connecticut, and in August 2023, a 99-year-old man died at his home in California.

**Sold At:**

Essential Medical Supply Inc. sold about 272,000 units of the bed rails at medical supply stores nationwide and online at www.amazon.com and www.walmart.com. The bed rails were sold from October 2006 through December 2021 for between $36 and $98.

**Recall number:**

24-179

*See* Ex. B, ¶¶ 16-17, and Ex. 2.

20. Attached to the Complaint as Exhibit 3 is the Consumer Product Safety Act § 1270 (2023), 16 C.F.R. § 1270, describing a history of incidents and deaths resulting from bed rails commencing in 2003. *See* Ex. B, Ex. 3.

21. The Complaint with its Exhibits alleges that Essential's Endurance Bed Rail is the subject of a CPSC recall due to entrapment and asphyxia hazards. *See* Ex. B, ¶¶ 16-17, and Ex. 2.

22. The Complaint alleges that Essential was under a duty to exercise reasonable care and properly and adequately design, manufacture, market, construct, assemble, test, inspect, label provide adequate warnings for, distribute, market, place into the stream of commerce and sell the subject bed rail in a reasonably safe condition so as not to present a danger to users, operators, and consumers who reasonably and expectedly under ordinary circumstances, would use the subject bed rail for its intended purpose, including the decedent. *See* Ex. B, ¶ 43.

23. The Complaint alleges that Essential breached its duty of reasonable care owed to the decedent, by designing, manufacturing, marketing, importing, constructing, assembling, testing, inspecting, distributing, placing into the stream of commerce and selling the subject bed rail in multiple respects, including, but not limited to, the following: (a) Failing to design the subject bed rail to be reasonably safe for its foreseeable and intended users and consumers; (b) Failing to provide adequate warnings and/or proper notice to alert customers and users regarding the entrapment and asphyxia hazards from the subject bed rail; (c) Failing to provide adequate testing and/or inspection so as to ensure the bed rail was reasonably suited for its intended purpose and provide adequate safety features to prevent or minimize a reasonably foreseeable fatal accident. *See* Ex. B, ¶ 44.

24. In Count I for Strict Liability, the Complaint alleges:

> 37. As a foreseeable, direct, and proximate result of ESSENTIAL MEDICAL failure to implement reasonably safer alternative designs in the subject bed rail, MARC SENCER became entrapped between the bed rail and/or mattress, resulting in asphyxiation and his untimely death.

*See* Ex. B, ¶ 37.

25. In Count II for Negligence, the Complaint alleges:

> 45. CAUSATION: The above negligent acts and/or omissions foreseeably, directly and proximately caused the death, in a natural and continuous sequence, of the decedent, MARC SENCER.

*See* Ex. B, ¶ 45.

26. Pursuant to Florida's Wrongful Death Act, Sencer seeks a judgment for the following damages against Essential: funeral and related expenses for the decedent's estate, and loss of the decedent's companionship and protection, mental pain and suffering from the date of the decedent's death, and funeral and related expenses for the decedent's surviving spouse. *See* Ex. B, ¶¶ 38, 46.

## V. **The Policy**.

27. The Policy's Insuring Agreement provides:

> **a.** We will pay those sums that the "insured" becomes legally obligated to pay as "damages" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the "insured" against any "suit" seeking those "damages". However, we will have no duty to defend the "insured" against any "suit" seeking "damages" for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any "claim" or "suit" that may result. But:
>
> **(1)** The amount we will pay for "damages" is limited as described in Section **III – LIMITS OF INSURANCE AND DEDUCTIBLE**; and
>
> **(2)** Our right and duty to defend ends when we have used up the applicable Limit of Insurance in the payment of judgments, settlements or Supplementary Payments under Coverages **A** or **B.** In such case, we shall have the right to withdraw from further defense, payment or settlement of any "claim" by tendering control of such "claim" to you. You agree to accept such tender as a condition of this Policy.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

*See* Ex. A, Coverage A (Bodily Injury and Property Damage Liability), LSC0001 0524, p. 1 of 27.

28. The Policy includes the Duty to Defend Exclusion:

Where there is no coverage under this Policy, there is no duty to defend.

*See* Ex. A, Coverage A, 1.e. Insuring Agreement (the "Duty to Defend Exclusion"), LSC0001 0524, p. 2 of 27.

29. The Policy contains the Specified Prior Products Exclusion:

CHANGES

**EXCLUSION – SPECIFIED PRIOR PRODUCTS**

**This endorsement modifies insurance under the following:**

LIFE SCIENCES GENERAL LIABILITY COVERAGE

SCHEDULE

| Specified Product(s) | Prior Products Date |
|---|---|
| Bed Rails | 11/23/2024 at 12:01 AM at the address of the Named Insured shown on the Declarations |

The following exclusion is added to this Policy:

This insurance does not apply to any claim or "suit" arising directly or indirectly out of, related to, or in any way involving any **Specified Product** described in the Schedule above that is manufactured, assembled, sold, handled, distributed, or disposed of by you, or on your behalf, prior to the corresponding **Prior Products Date** shown in the Schedule above.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

*See* Ex. A, Exclusion – Specified Prior Products, IL 12 01 11 85, p. 1 of 1 (the "Specified Prior Products Exclusion").

30. The Policy contains the CPSC Bed Rails Exclusion:

CHANGES

**LIMITATION - CONSUMER PRODUCT SAFETY COMMISSION - BED RAILS**

**This endorsement modifies insurance under the following:**

LIFE SCIENCES GENERAL LIABILITY COVERAGE
LIFE SCIENCES PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE

The following exclusion is added to this Policy:

This insurance does not apply to any claim or "suit" arising directly or indirectly out of, related to, or in any way involving any bed rail manufactured, sold, handled, marketed, or distributed by you or by others trading under your name that is:

1. Not in compliance with the Consumer Product Safety Act, including, but not limited to, any reporting, testing, or certification requirement;
2. Undergoing a corrective action plan with the United States Consumer Product Safety Commission (CPSC);
3. Currently under recall mandated by the CPSC; or
4. Contrary to, or in any way not in compliance with, any CPSC rule, standard, regulation, ban, warning, or other directive that is published or in effect at the time of any marketing, distribution, use, or sale of such product.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

*See* Ex. A, Limitation – Consumer Product Safety Commission – Bed Rails, IL 12 01 11 85, p. 1 of 1 (the "CPSC Bed Rails Exclusion").[1]

31. The Policy contains the Bed Rails Limitation:

**AMENDED LIMITS OF INSURANCE AND RETROACTIVE DATE(S) - SPECIFIED PRODUCTS OR OPERATIONS - SUPPLEMENTARY PAYMENTS WITHIN SUBLIMITS**

| | | |
|---|---|---|
| *Attached To and Forming Part of Policy* 0100336379-0 | *Effective Date of Endorsement* 11/23/2024 12:01AM at the Named Insured address shown on the Declarations | *Named Insured* Essential Medical Supply Inc |
| *Additional Premium:* $0 | *Return Premium:* $0 | |

This endorsement modifies insurance under the following:

LIFE SCIENCES GENERAL LIABILITY COVERAGE
LIFE SCIENCES PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE

For the purposes of this endorsement, the RETROACTIVE DATE and LIMITS OF INSURANCE shown on the Declarations are amended as shown below:

[1] Both the Specified Prior Products Exclusion and the CPSC Bed Rails Exclusion are identified as "Policy Changes", "IL 12 01 11 85", and "Page 1 of 1" of the Policy. For ease of reference, these exclusions will be identified as the Specified Prior Products Exclusion and the CPSC Bed Rails Exclusion herein.

## SCHEDULES

| SCHEDULE - SPECIFIED PRODUCTS OR OPERATIONS AGGREGATE LIMIT | |
|---|---|
| Specified Products or Operations Aggregate Limit | $500,000 |

| SCHEDULE - SPECIFIED PRODUCTS OR OPERATIONS LIMITS AND RETROACTIVE DATE(S) | | | |
|---|---|---|---|
| Specified Product(s) or Operation(s) | Each Occurrence Limit | Aggregate Limit | Retroactive Date |
| Bed Rails | $250,000 | $500,000 | 11/23/2024 |
| All dates shown in the Schedule above are effective at 12:01 AM at the address of the named insured shown on the Declarations. | | | |

The amounts shown in the Schedule above are the maximum amounts we will pay for all "damages" and all Supplementary Payments arising out of all claims or "suits" because of "bodily injury", "property damage", or "personal and advertising injury" arising out of, related to, or in any way involving any Specified Product(s) or Operation(s) described in the Schedule above. However, this insurance does not apply to any "bodily injury", "property damage", or "personal and advertising injury" arising out of such Specified Product or Operation if such "bodily injury" or "property damage" occurred, or "personal and advertising injury" offense was committed, prior to the Retroactive Date shown for that Specified Product or Operation in the SCHEDULE – SPECIFIED PRODUCTS OR OPERATIONS LIMITS AND RETROACTIVE DATE(S) above or after the end of the "policy period".

For the purposes of determining the applicable Retroactive Date, all "bodily injury" or "property damage" or offenses logically or causally connected by any common fact, circumstance, situation, transaction, event, service, advice, or decision will be deemed to have first taken place or been committed at the time the first of such "bodily injury" or "property damage" took place or offense was committed. All such "bodily injury" or "property damage" or offense will be deemed to be the same "bodily injury" or "property damage" or offense, even though the nature or extent of any resulting injury or damage may change and even though it may be continuous, progressive, cumulative, changing or evolving, and even though the resulting injury or damage may be or may involve a continuous or repeated exposure to substantially the same general harm. Under no circumstances will more than one Retroactive Date apply to any related injury or damage.

All claims based upon such related "bodily injury" or "property damage" or offenses shall be deemed to be a single claim and be subject to a single Limit of Insurance. Under no circumstances will more than one Limit of Insurance apply to any related "bodily injury" or "property damage" or offenses.

The amounts as shown in the Schedules above apply as follows:

1. The Specified Products or Operations Aggregate Limit is the most we will pay for the sum of all "damages" and all Supplementary Payments arising out of all claims or "suits" because of "bodily injury" or "property damage" caused by all "occurrences" or "personal and advertising injury" caused by all offenses involving all Specified Product(s) or Operation(s) identified in the SCHEDULE – SPECIFIED PRODUCTS OR OPERATIONS LIMITS AND RETROACTIVE DATE(S).

2. Subject to the Specified Products or Operations Aggregate Limit described in Paragraph 1. above, the Aggregate Limit designated for each Specified Product(s) or Operation(s) shown in the above SCHEDULE –SPECIFIED PRODUCTS OR OPERATIONS LIMITS AND RETROACTIVE DATE(S), is the most we will pay for the sum of all "damages" and all Supplementary Payments arising out of all claims or "suits" because of "bodily injury" or "property damage" caused by all "occurrences" or "personal and advertising injury" caused by all offenses involving the Specified Product(s) or Operation(s) for which that Aggregate Limit is shown.

3. Subject to Paragraphs 1. and 2. above, the Each Occurrence Limit designated for each Specified Product(s) or Operation(s) shown in the above SCHEDULE – SPECIFIED PRODUCTS OR OPERATIONS LIMITS AND RETROACTIVE DATE(S), is the most we will pay for the sum of all "damages" and all Supplementary Payments arising out of all claims or "suits" because of "bodily injury" or "property damage" caused by any one "occurrence", or "personal and advertising injury" sustained by any one person or entity caused by an offense, involving the Specified Product(s) or Operation(s) for which that Each Occurrence Limit is shown.

4. Limits of Insurance specified in the above Schedules apply regardless of whether the Specified Product(s) or Operation(s) is the initial precipitating cause or is in any way a cause of "bodily injury", "property damage", or "personal and advertising injury" and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged "bodily injury", "property damage", or "personal and advertising injury" arises out of a chain of events that involves or includes the Specified Product(s) or Operation(s).

5. In the event more than one Specified Product(s) or Operation(s) Limit is implicated for the same "occurrence", offense, claim, "suit", "damages", or Supplementary Payments, the most we will pay under this Policy is the highest applicable Each Occurrence Limit shown in the Schedule above. If the applicable Each Occurrence Limits in the Schedule above are the same, only one Limit will apply. The Limits in the Schedule above may not be stacked. Under no circumstances will more than one Each Occurrence Limit apply to the same "occurrence", offense, claim, "suit", "damages", or Supplementary Payments.

Limits of Insurance shown in the above Schedules are subject to and not in addition to the Limits of Insurance shown on the Declarations. This endorsement in no way increases the Limits of Insurance shown on the Declarations.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

*See* Ex. A, Amended Limits of Insurance and Retroactive Date(s) - Specified Products or Operations - Supplementary Payments Within Sublimits, LSC4021 0623 (the "Bed Rails Limitation").

32. On November 24, 2025, prior to the filing of the Complaint in the Underlying Lawsuit, Kinsale sent an Acknowledgment of Incident Notice and Reservation of Rights correspondence to Essential (the "Reservation of Rights"), raising potential exclusions to and defenses against coverage pursuant to the Policy. A copy of the Reservation of Rights is attached as **Exhibit C**.

33. Following Kinsale's November 24, 2025 Reservation of Rights, on April 29, 2026, the Complaint in the Underlying Lawsuit was filed.

34. Subject to a full reservation of its rights, as detailed, *inter alia*, within the terms of the Reservation of Rights, Kinsale agreed to provide a defense to Essential for the Underlying Lawsuit, and Kinsale has been paying Essential's defense counsel.

**COUNT I**
**Declaratory Judgment – the Specified Prior Products Exclusion Bars Coverage**

35. Kinsale realleges the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36. The Specified Prior Products Exclusion provides that the insurance does not apply to any claim arising directly or indirectly out of, related to, or in any way involving any "Specified Product" described in the Schedule that is "manufactured, assembled, sold, handled, distributed, or disposed of" by Essential or on its behalf prior to the "Prior Products Date". *See* Ex. A, Specified Prior Products Exclusion.

37. "Bed Rails" is the Specified Product listed in the Schedule of the Specified Prior Product Exclusion. *See* Ex. A, Specified Prior Products Exclusion.

38. The Prior Products Date set forth in the Schedule of the Specified Prior Products Exclusion is November 23, 2024. *See* Ex. A, Specified Prior Products Exclusion.

39. The Complaint alleges that the "subject bed rail" at issue in the Underlying Lawsuit is Essential's "Endurance Bed Rail". *See* Ex. B, ¶¶ 18, 22-23.

40. Essential's product at issue in the Underlying Lawsuit, the "Endurance Bed Rail", falls within the Specified Product "Bed Rails" of the Policy's Specified Prior Products Exclusion.

41. Based on the allegations of the Complaint, Essential's product at issue, the "Endurance Bed Rail", was designed, manufactured, imported, marketed, distributed, promoted, and sold by Essential, and purchased by Sencer, in or around 2019, prior to the November 23, 2024 Prior Products Date of the Specified Prior Products Exclusion. *See* Ex. B, ¶¶ 16-22.

42. Accordingly, Kinsale is entitled to a declaration that the Policy does not provide coverage to Essential in connection with the Underlying Lawsuit, because the allegations of the Complaint fall squarely within the Policy's Specified Prior Products Exclusion.

43. As there is no coverage under the Policy based on the Specified Prior Products Exclusion, there is no duty to defend. *See* Ex. A, Duty to Defend Exclusion, LSC0001 0524, p. 2 of 27.

WHEREFORE, Plaintiff, Kinsale Insurance Company, respectfully requests that the Court take jurisdiction and adjudicate the rights of the parties under the Policy, declare that Kinsale has no duty to defend or indemnify Essential in connection with the Underlying Lawsuit, pursuant to the terms, conditions, and exclusions of the Policy, including the Specified Prior Products Exclusion, declare that the Policy does not provide coverage to Essential and/or Sencer, in connection with the Underlying Lawsuit, and grant such other and further relief as the Court deems just, equitable and proper.

**COUNT II**
**Declaratory Judgment – the CPSC Bed Rails Exclusion Bars Coverage**

44. Kinsale realleges the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

45. The CPSC Bed Rails Exclusion provides that, "This insurance does not apply to any claim or 'suit' arising directly or indirectly out of, related to, or in any way involving any bed rail manufactured, sold, handled, marketed, or distributed by you or by others trading under your name that is: 1. Not in compliance with the Consumer Product Safety Act, including, but not limited to, any reporting, testing, or certification requirement; 2. Undergoing a corrective action plan with the United States Consumer Product Safety Commission (CPSC); 3. Currently under recall mandated by the CPSC; or 4. Contrary to, or in any way not in compliance with, any CPSC

rule, standard, regulation, ban, warning, or other directive that is published or in effect at the time of any marketing, distribution, use, or sale of such product." *See* Ex. A, CPSC Bed Rails Exclusion.

46. The Complaint alleges that the "subject bed rail" at issue in the Underlying Lawsuit is Essential's "Endurance Bed Rail". *See* Ex. B, ¶¶ 18, 22-23.

47. Based on the Complaint, Essential's Endurance Bed Rail is the subject of a CPSC recall due to entrapment and asphyxia hazards posing a serious risk of death. *See* Ex. B, ¶¶ 16-20, Exhibits 2 and 3.

48. Based on the Complaint with its exhibits, Essential's Endurance Bed Rail at issue falls within CPSC Bed Rails Exclusion as it is a bed rail manufactured, sold, handled, marketed, or distributed by Essential that is not in compliance with the Consumer Product Safety Act, that is undergoing a corrective action plan with the CPSC, currently under recall mandated by the CPSC, and/or contrary to, or in any way not in compliance with, any CPSC rule, standard, regulation, ban, warning, or other directive that is published or in effect at the time of any marketing, distribution, use, or sale of such product.

49. Accordingly, Kinsale is entitled to a declaration that the Policy does not provide coverage to Essential in connection with the Underlying Lawsuit, because the allegations of the Complaint fall squarely within the Policy's CPSC Bed Rails Exclusion.

50. As there is no coverage under the Policy based on the CPSC Bed Rails Exclusion, there is no duty to defend. *See* Ex. A, Duty to Defend Exclusion, LSC0001 0524, p. 2 of 27.

WHEREFORE, Plaintiff, Kinsale Insurance Company, respectfully requests that the Court take jurisdiction and adjudicate the rights of the parties under the Policy, declare that Kinsale has no duty to defend or indemnify Essential in connection with the Underlying Lawsuit, pursuant to the terms, conditions, and exclusions of the Policy, including the CPSC Bed Rails Exclusion,

declare that the Policy does not provide coverage to Essential and/or Sencer, in connection with the Underlying Lawsuit, and grant such other and further relief as the Court deems just, equitable and proper.

**COUNT III**
**Declaratory Judgment – Bed Rails Limitation**

51. Kinsale realleges the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

52. There is no coverage pursuant to the Specified Prior Products Exclusion and/or the CPSC Bed Rails Exclusion of the Policy.

53. However, in the alternative, in the event the Court determines that the Policy provides coverage in connection with the Underlying Lawsuit, the Bed Rails Limitation provides that the amount of Each Occurrence Limit is $250,000.00 and the Aggregate Limit is $500,000.00. *See* Ex. A, LSC4021 0623.

54. The Bed Rails Limitation provides, in pertinent part that, "[t]he amounts shown in the Schedule above are the maximum amounts we will pay for all 'damages' and all Supplementary Payments arising out of all claims or 'suits' because of 'bodily injury', … arising out of, related to, or in any way involving any Specified Product(s) or Operation(s) described in the Schedule above." *See* Ex. A, LSC4021 0623.

55. The Specified Product identified in the Schedule of the Bed Rails Limitation is "Bed Rails". *See* Ex. A, LSC4021 0623.

56. The Complaint alleges that the "subject bed rail" at issue in the Underlying Lawsuit is Essential's "Endurance Bed Rail". *See* Ex. B, ¶¶ 18, 22-23.

57. Essential's product at issue in the Underlying Lawsuit falls within the Specified Product "Bed Rails" in the Bed Rails Limitation.

58. Accordingly, Kinsale is entitled to a declaration that, in the event the Court determines that the Policy provides coverage in connection with the Underlying Lawsuit, the Bed Rails Limitation provides that the amount of Each Occurrence Limit is $250,000.00 and the Aggregate Limit is $500,000.00.

WHEREFORE, Plaintiff, Kinsale Insurance Company, respectfully requests that the Court take jurisdiction and adjudicate the rights of the parties under the Policy, declare that, in the event the Court determines that the Policy provides coverage in connection with the Underlying Lawsuit, the Bed Rails Limitation provides that the amount of Each Occurrence Limit is $250,000.00 and the Aggregate Limit is $500,000.00, and grant such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

KHL LAW
*Counsel for Plaintiff*
Alfred I. duPont Building
169 E. Flagler Street, Suite 500
Miami, Florida 33131
Telephone: (305) 854-9700
Facsimile: (305) 854-0508
Primary email: cal@khllaw.com
lem@khllaw.com
Secondary email: eservicemia@khllaw.com

By:____________________________
Cary A. Lubetsky, Esq.
Florida Bar No. 961360
Leah Gardner, Esq.
Florida Bar No. 44075

Save As... Print Reset

JS 44 (Rev. 04/21) FLSD Revised 12/02/2022

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

KINSALE INSURANCE COMPANY

## DEFENDANTS

ESSENTIAL MEDICAL SUPPLY, INC.,

**(b)** County of Residence of First Listed Plaintiff Pulaski
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Palm Beach
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Cary A. Lubetsky, Esq., KHL Law, 169 E. Flagler St., Ste. 500, Miami,

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Acts
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent – Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a)) 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act (TCPA)
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee – Conditions of Confinement

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed **(See VI below)** ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district *(specify)* ☐ 6 Multidistrict Litigation Transfer ☐ 7 Appeal to District Judge from Magistrate Judgment ☐ 8 Multidistrict Litigation – Direct File ☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)

(See instructions): a) Re-filed Case ☐YES ☐NO b) Related Cases ☐YES ☒ NO

**JUDGE:** **DOCKET NUMBER:**

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause ***(Do not cite jurisdictional statutes unless diversity)***:

Complaint for declaratory judgment regarding insurance coverage.

LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☐ Yes ☒ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

DATE 09/16/2026 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY : RECEIPT #** **AMOUNT** IFP JUDGE MAG JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

KINSALE INSURANCE COMPANY, an Arkansas corporation,

Plaintiff,

v.

ESSENTIAL MEDICAL SUPPLY, INC., a Florida corporation, and MARY ELLEN SENCER, as Personal Representative of the Estate of Marc Henry Sencer,

Defendants.

______________________________________ /

**SUMMONS IN A CIVIL CASE**

To: ESSENTIAL MEDICAL SUPPLY, INC
c/o JOHN MICHAEL HOEPNER, Jr., Registered Agent
6420 HAZELTINE NATIONAL DRIVE
ORLANDO, FL 32822

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's Attorney:

**Cary A. Lubetsky, Esq.**
**KHL LAW**
**169 E. Flagler Street, Suite 500**
**Miami, Florida 33131**
**Telephone: (305) 854-9700**
**Facsimile: (305) 854-0508**

an answer to the Complaint which is herewith served upon you, within 21 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

______________________________ ______________________________
CLERK DATE

______________________________
(By) Deputy Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

KINSALE INSURANCE COMPANY, an Arkansas corporation,

Plaintiff,

v.

ESSENTIAL MEDICAL SUPPLY, INC., a Florida corporation, and MARY ELLEN SENCER, as Personal Representative of the Estate of Marc Henry Sencer,

Defendants.

_______________________________________ /

**SUMMONS IN A CIVIL CASE**

To: MARY ELLEN SENCER, as Personal Representative
of the Estate of Marc Henry Sencer
1864 LINDSEY CT
WELLINGTON, FL 33414-8945

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's Attorney:

**Cary A. Lubetsky, Esq.**
**KHL LAW**
**169 E. Flagler Street, Suite 500**
**Miami, Florida 33131**
**Telephone: (305) 854-9700**
**Facsimile: (305) 854-0508**

an answer to the Complaint which is herewith served upon you, within 21 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_______________________________ _______________________________
CLERK DATE

_______________________________
(By) Deputy Clerk